UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHRISTOPHER WILLIAMS,

                 Petitioner,

v.                                    CASE NO. 05-CV-70639-DT
                                    HONORABLE NANCY G. EDMUNDS

WARDEN JACKSON,

                 Respondent.

_____/

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION

      Petitioner Christopher Williams has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Respondent argues in an answer to the habeas petition that Petitioner did not comply with the statute of limitations and that several of Petitioner's claims are procedurally defaulted. The Court agrees that the habeas petition is time-barred and, therefore, must be dismissed.

### I. Background

      On March 25, 1997, a Recorder's Court jury in Detroit, Michigan found Petitioner guilty of five counts of first-degree criminal sexual conduct.[1] The trial court sentenced Petitioner to concurrent terms of twenty-five to forty years in prison.

      On appeal from his convictions, Petitioner alleged that (1) the trial court's improper jury instruction on third-degree criminal sexual conduct constituted reversible error, (2) the trial court's failure to enter a directed verdict of not guilty on three of the six counts of first-degree criminal sexual conduct permitted the jury to consider charges not supported by the evidence,

---

[1] A previous trial in which Petitioner was tried with a co-defendant resulted in a mistrial because the jury was unable to reach a unanimous verdict.

and (3) trial counsel rendered ineffective assistance by failing to object to the improper jury instructions and by failing to move for a directed verdict of acquittal. The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded his case so that the judgment of sentence would reflect three convictions and sentences for first-degree criminal sexual conduct on two alternative theories. *See People v. Williams*, No. 204712 (Mich. Ct. App. Sept. 24, 1999).        Petitioner raised the same claims in the Michigan Supreme Court, which denied leave to appeal on March 28, 2000. *See People v. Williams*, No. 115697 (Mich. Sup. Ct. Mar. 28, 2000). Petitioner's convictions became final ninety days later on June 26, 2000.

A year and a half later on January 10, 2002, Petitioner filed a motion for relief from judgment, which alleged that (1) the prosecutor overcharged him and appealed to the jury's sympathy during closing arguments, (2) the trial court failed to give a deadlocked-jury instruction, (3) appellate counsel was ineffective, (4) he was deprived of a meaningful defense when the trial court prevented him from impeaching the victim with a past conviction, and (5) the cumulative effect of errors deprived him of due process and a fair trial. The trial court denied Petitioner's motion because the claims lacked merit and Petitioner could have raised them on appeal from his convictions.

Petitioner raised the same claims in the Michigan Court of Appeals, which denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Williams*, No. 252882 (Mich. Ct. App. July 9, 2004). On December 29, 2004, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Williams*, No. 126753 (Mich. Sup. Ct. Dec. 29, 2004).

Petitioner had until March 29, 2005, to file a petition for the writ of certiorari in the

763a2b6c48a6b0f5

United States Supreme Court.  Instead of seeking review in the Supreme Court, he filed his

habeas petition, which is dated February 8, 2005.  The grounds for relief read:

I.      The trial court's improper instruction to appellant's jury regarding the necessarily lesser included offense of third degree criminal sexual conduct constitutes reversible error.

II.     The trial court's failure to recognize and therefore properly exercise its discretion to sua sponte enter a directed verdict of not guilty on three of the six charged counts of first degree criminal sexual conduct allowed appellant's jury to consider charges not supported by the evidence and thus constitutes reversible error.

III.    The appellant was denied the effective assistance of counsel where his trial counsel failed to object to clearly improper jury instructions and failed to move for a directed verdict when said motion was clearly warranted.

IV.     The abuse of prosecutorial discretion in overcharging the defendant with six individual counts of CSC I where there was only alleged evidence of three sexual penetrations had a coercive effect on the jury and denied defendant of the constitutional right to a fair trial.

V.      Defendant-appellant complains that the trial prosecutor during closing rebuttal argument appealed to the jurors' sympathies for the alleged victim which denied his right to a fair trial.

VI.     The trial court deprived defendant of his constitutional right to a fair and impartial trial in not giving a supplemental Sullivan deadlocked jury instruction to the jury after one juror was in disagreement with the other eleven jurors' votes finding defendant guilty on six counts of CSC I.

VII.    Defendant was denied his Sixth Amendment right to the effective assistance of appellate counsel in light of these claims.

VIII.   Defendant-appellant was denied fundamental due process and a fair trial by each individual error noted herein and/or the cumulative effect of such errors.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners.  *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

>   **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner has not alleged that there was an impediment to filing his habeas petition, and he is not relying on a newly recognized constitutional right or newly discovered evidence. Therefore, the statute of limitations began to run when his conviction became final.

A conviction becomes final under § 2244(d)(1)(A), and the statute of limitations begins to run, when "the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired."  *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (citing *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000)).  Direct review of Petitioner's convictions came to an end in state court on March 28, 2000, when the Michigan Supreme Court denied leave to appeal.  Petitioner had ninety days from that date, or until June 26, 2000, to seek a writ of certiorari in the United States Supreme Court.  *Id*. (citing  Sup. Ct. R. 13).  Thus, his

4

2:05-cv-70639-NGE-VMM   Doc # 29   Filed 10/07/05   Pg 5 of 8   Pg ID 1041

conviction became final, for purposes of § 2244(d)(1)(A), on June 26, 2000.  The statute of

limitations began to run on the following day, Fed. R. Civ. P. 6(a); *Bronaugh*, 235 F.3d at 285,

and it expired 365 days later on June 26, 2001.  Petitioner filed his habeas petition on February

8, 2005.[2]  Thus, the petition is time-barred, absent tolling.

### A.  Statutory Tolling

The period of limitations is tolled while a prisoner's properly filed motion for post-

conviction review is pending in state court.  28 U.S.C. § 2244(d)(2).  Petitioner filed his motion

for relief from judgment in state court on or about January 10, 2002.[3]  The motion did not affect

the statute of limitations, because the one-year limitations period expired the previous June

before Petitioner filed his motion.  *See Hargrove v. Brigano*, 300 F.3d. 717, 718 n.1 (6th Cir.

2002).  The motion did not delay the date on which Petitioner's conviction became final, *Payton*

*v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001), and resolution of the motion did not restart the

limitations period.  *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001).

### B.  Equitable Tolling

The Supreme Court has "never squarely addressed the question whether equitable tolling

---

[2]  The Court deems the habeas petition "filed" on the date that Petitioner signed it and presumably gave it to prison officials for mailing to the Court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding that the prisoner's notice of appeal was "filed" at the time he delivered it to prison officials for forwarding to the court clerk ); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (stating that, "[u]nder the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts"); *see also Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) (stating that "[l]iberal application of the mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270 (1988), causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed").

[3]  Petitioner alleges that he filed his post-conviction motion on January 10, 2000. However, he dated the motion, brief, notice of hearing, and proof of service on January 10, 2002.

is applicable to AEDPA's statute of limitations," *Pace v. DiGuglielmo*, __ U.S. __, __, 125 S. Ct. 1807, 1814 n.8 (2005), but the United States Court of Appeals for the Sixth Circuit has concluded "that equitable tolling does apply to the one-year limitation period applicable to habeas petitions." *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). A litigant who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 125 S. Ct. at 1814. Equitable tolling is appropriate only "after a court has properly considered and balanced the factors set out in *Andrews v. Orr*, [851 F.2d 146 (6th Cir. 1988)] unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009.

> In applying this test, [the Sixth Circuit] look[s] to the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. *Id.* at 1008. These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id.*

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Absence of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not asserted that he lacked notice or constructive knowledge of the filing requirement. He also has not shown that he was diligent in pursuing his claims, that some extraordinary circumstance prevented him from filing a timely habeas petition, or that his ignorance of the filing requirement was reasonable. Petitioner alleges instead that he is actually innocent.

6

"[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005).

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup* [*v. Delo*, 513 U.S. 298, 316 (1995)]. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321.

*Id*. at 589-90 (footnote omitted).

Petitioner supports his claim of actual innocence by noting that his first trial resulted in a mistrial due to the jurors' inability to reach a unanimous verdict. He also points out that, during his second trial, one juror purported to "stand mute" when polled about his verdict. The juror stated that he would like to reserve his decision "for [his] own privacy" and that, on some counts, he thought Petitioner was guilty, and on other counts, he thought otherwise. (Tr. Mar. 25, 1997, at 9.) The trial court instructed the jurors to continue deliberating until they reached a unanimous decision on each count. The jurors subsequently came back with a unanimous verdict of guilty on five counts of criminal sexual conduct. (*Id*. at 10-13.)

Although one juror's verdict initially was equivocal, the jurors ultimately reached a

7

unanimous verdict.  Petitioner has not submitted any new and credible evidence that undermines the Court's confidence in the outcome of his case.  The Court therefore declines to toll the limitations period on the basis of  Petitioner's claim of actual innocence.

### III.  Conclusion

Petitioner's conviction became final more than a year before he filed his habeas petition, and because the statute of limitations expired before Petitioner filed his post-conviction motion in state court, statutory tolling under 28 U.S.C. § 2244(d)(2) does not benefit him.  Furthermore, this is not an appropriate case for equitable tolling.  The petition for a writ of habeas corpus is **DISMISSED** as time-barred.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  October 7, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 7, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager